The opinion of the Court was delivered by
Lunkin, C. J.
It is an original principle in the administration of equity jurisprudence that the aid of the Court cannot be successfully invoked where adequate relief may be afforded in the ordinary forum.- But the Legislature of' South Carolina have not thought proper to leave this to inference or to the authority of usage which might be changed by the Court. It was, therefore, provided by the Act of Assembly that suits in equity should not be maintained where the party had a plain and adequate relief at *155 law. And in Jaudon vs. Gourdin, (Rich. Eq. Cas. 249.) it is said, that “ when a case is stated over which the Court has no jurisdiction at all, the objection to the jurisdiction never comes too late. It need not be pleaded, for the Court is bound to know the extent of its jurisdiction, and needs not be informed of its limits by pleading.”
It is incumbent on the plaintiff to show by his pleading, and, if need bej to establish by proof, that a case is presented in which plain and adequate relief may not be obtained in the ordinary forum. A creditor seeking to set aside a deed for fraud is required first to show that he has exhausted his legal remedy. Thus, in Scriven vs Bostick, (2 McC. Ch. 416,) Judge Nott, recognizing . the authority of Chancellor Kent, in Brinkerhoff vs. Brown, (4 John. Ch. 671,) says, “it is a settled rule in chancery, that if a person wants relief touching the personal estate of his debtor, .he must show that he has taken out an-execution and pursued it to every available extent against the property before he can resort to equity for relief;” and again, “The Court of equity cannot know by anticipation that an effort to obtain the debt at law will not be effectual —and, if such an allegation is to furnish a ground of equity jurisdiction, every creditor may go at once into the Court of equity for relief.” Such has been the uniform doctrine of this Court. In Pettus vs. Smith, (4 Rich. Eq. 198,) the Court adverts to the well established rule, and only determines that taking the defendant with a ca. sa. was equally satisfactory to show his insolvency, and thus entitle the plaintiff to the aid of this Court as the return of nulla Iona to a fi.fa. In the leading authority on which the plaintiff relies, Thompson vs. Brown, (4 Johns. Ch. 419,) a judgment had been obtained against the surviving partner of Brown and Eay, and an execution returned nulla bona. The bill was against the administrator and heirs of the deceased partner for an account, and to subject the real estate to *156 the payment of debts. No action at law could be maintained against the administratrix; and the simple contract was merged in the judgment against the surviving partner whose insolvency had been established. The only remedy left to the plaintiff was a resort to the Court of equity.
Where the proceeding is inter vivos the rule in this State is believed to be uniform. Nor is the requirement less stringent that the plaintiff must show a defect in the legal remedy where the debtor is dead and relief is sought from his personal representative, or heirs and legatees, or devisees. The inadequacy of the ordinary tribunals, as is said by the text-writers, may originate from various causes— such as that of compelling the executor or administrator to get in the assets — where there is any controversy as to the existence of assets, and a discovery is wanted; or if the assets are not of a legal nature; or if the marshalling of assets is indispensable to a due payment of the creditor’s claim. “In such cases it is obvious that the remedy at law cannot be effectual,” and so, “the executor himself, if he finds the affairs of the testator so complicated as to render the administration of the estate unsafe, may institute a suit against the creditors for the purpose of having their several claims adjusted by the decree of the Court.” Tollers Law of Executors, recognized and approved in Brown vs. McDonald, (1 Hill Ch. 297.) In either case the insufficiency of the ordinary forum must be set forth. The Act of 1789 prescribes the duties of executors and administrators, allows time for the collection of assets and notice to creditors, and prescribes the order of payment. The executor or administrator is bound faithfully to discharge the duties thus defined by law. He cannot voluntarily throw off' those duties unless difficulties arise which, in the language of the authorities, render it “unsafe” for him to proceed in the administration, and justify an application to the Court. Mr. Justice Story, in stating the objections *157 made to such bills and why they ought hot to be encouraged because, among other reasons, “they may be made use of by executors and administrators to keep creditors out of their money longer than they otherwise would be,” adds, “however correct these reasons may be for a refusal to interfere in ordinary cases, involving no difficulty, they are not sufficient to show, that the Court ought not to interfere in behalf of an executor or administrator under special circumstances, where injustice to himself, or injury to the estate, may otherwise arise,” (1 Story Eq. § 544,) and so of the creditor. In ordinary cases the law has provided a plain and adequate remedy for the satisfaction of his demand as well against his personal representative as (by the Statute 5 Geo. 2 Chap. 7) against his heirs and devisees. Circumstances may exist which render these remedies ineffectual and demand the interposition of.a Court of equity. The personal representative may be eloining or wasting the assets before a lien can be established, or there may be other difficulties, such as those heretofore adverted to, which may render a creditor’s bill very proper for the cognizance of the Court. It remains to inquire whether such case is here stated by the pleadings.
The allegations of the bill are that the plaintiff is a simple contract creditor of the late 'William Calder, by three promissory notes amounting, in the aggregate, to twelve hundred and fifty dollars — that he left a will of which his widow, Agnes Calder, was executrix — and that she, with the other defendants, were legatees and devisees of his estate— that the plaintiff “ is informed and believes, that the personal property left by the testator is insignificant in value,’ but that his real estate is large and valuable, consisting of a large and valuable property in the city of Charleston,” that the plaintiff “has frequently applied to the executrix to procure a sale of the real estate or of such part thereof as may be needed for the purpose of making up any defi *158 ciency wbicb may exist for satisfying such debts in full,” “with which just and reasonable request the said executrix had refused to comply, on certain vain and unfounded pretences ; all of which is contrary to equity and good conscience, and tends to the manifest wrong and injury of the plaintiff in the premises.” Such is a full statement of the plaintiff’s case, “in consideration of which and forasmuch as he is remediless at common law,” he prays the interposition of this Court. To the end that the defendants may answer, and that the executrix may discover all the separate parcels of real estate; that, at the proper time, she may account as executrix, and that the real estate may be sold under the direction and decree of the Court, and for general relief, a subpoena ad respondendum is asked against the executrix and the several devisees, by name. Gfustavus C. Street and Cecelia Street, two of the devisees, who are infants, answer by their guardian, and insist that the plaintiff has no right, on the case made, to the interposition of the Court of equity, and pray the benefit of this objection to the jurisdiction as if specially pleaded.
By the familiar action of assumpsit on the notes, the plaintiff might have his judgment and execution against the executrix, levy upon and sell the real estate of the testator, and have satisfaction of his demand. The remedy at law is not only plain and adequate,'but direct, prompt, and unexpensive. It is not suggested that the estate is insolvent,, even were that sufficient. It is not averred that there is any creditor other than the plaintiff. Upon the case presented by the bill, the plaintiff is not warranted in burthening the estate of Calder with the expensive litigation of a suit in chancery, much less to implead the devisees in this tribunal. In the language of Judge Nott, “if such a statement is to furnish a ground of equity jurisdiction, every creditor may go at once into the Court of equity for relief.” The jurisdiction of that Court is most *159 salutory and beneficial, indeed, indispensable to tbe successful administration of justice when exercised on subjects properly within its cognizance. But it should always be borne in mind that equity is.auxiliary to tbe law, and its interference should only be interposed when from the imperfection- of the machinery,- or from other causes, the ordinary tribunal is inadequate to accomplish the purposes of justice.
It is ordered and adjudged that the decree of the Circuit Court be reversed, and that the bill be dismissed.
Wardlaw, A. J., and Glover, J., concurred.

Bill dismissed.